**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

JOHN ORLANDO SINCLAIR, a/k/a
Knockout,
    *Defendant-Appellant.*

No. 02-4685

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-02-31)

Submitted: March 20, 2003

Decided: April 10, 2003

Before LUTTIG, MOTZ, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Robert J. McAfee, MCAFEE LAW, P.A, New Bern, North Carolina,
for Appellant. Anne Margaret Hayes, Assistant United States Attor-
ney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

John Orlando Sinclair, a/k/a "Knockout," pled guilty to one count of possession with intent to distribute at least fifty grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000), and one count of using and carrying a firearm in connection with a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (2000). Sinclair received a 322-month sentence. Sinclair's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal, but raising three claims of ineffective assistance of counsel: (1) failure to communicate with Sinclair on a regular basis; (2) failure to attend debriefing sessions initiated by law enforcement at Sinclair's request; and (3) failure to obtain a downward departure motion from the Government based upon the assistance proffered by Sinclair. Sinclair has filed a pro se supplemental brief. We have reviewed the entire record and affirm Sinclair's conviction and sentence.

Claims of ineffective assistance of counsel are generally not cognizable on direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). Rather, to allow for adequate development of the record, federal prisoners must ordinarily pursue such claims in a motion under 28 U.S.C. § 2255 (2000). *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). An exception exists when the record conclusively establishes ineffective assistance. *King*, 119 F.3d at 295. Because our review of the record in this appeal does not conclusively establish ineffective assistance of counsel, we conclude Sinclair's ineffective assistance claims should be brought in a § 2255 proceeding.

As required by *Anders*, we have examined the entire record and find no meritorious issues for appeal. We further find no merit to Sinclair's claims raised in his pro se supplemental brief. Accordingly, we affirm Sinclair's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. Thus, we deny counsel's motion to withdraw at this time. If Sinclair requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion at that time. Counsel's

motion must state that a copy thereof was served on the client. We deny Sinclair's motion to replace counsel and to strike the *Anders* brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*